UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Freddie L. Livingston,

Plaintiff,

ORDER

vs.

Pat Carr,

Defendant. Civ. No. 01-2167 (DSD/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 7th day of December, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Application to Proceed in forma pauperis. For these purposes, the Plaintiff appears pro se and, because process has yet to be served, no appearance has been made by, or on behalf of, the Defendant.

The Plaintiff is currently incarcerated at the Sherburne County Jail in Elk River, Minnesota. He has commenced this action under Title 42 U.S.C. §1983, as he contends that the Defendant violated his constitutional rights, as well as Minnesota State law,

4

FILED DEC 07 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK mb

in a variety of ways. He has also filed the current Application to proceed in forma pauperis.

As an inmate, the Plaintiff is ineligible to obtain full relief from the filing fee in this action. See, Title 28 U.S.C. §1915(b)(2). According to Section 1915(b), which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." However, a prisoner may nonetheless be granted in forma pauperis status, which allows him to pay the filing fee in installments, rather than paying the entire amount in advance. See, Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"), citing Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997), citing in turn McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).

Section 1915(b)(1) requires prisoners seeking in forma pauperis status to pay an initial partial filing fee at the outset of the case, and §1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account. As our Court of Appeals has explained:

> Even though seeking IFP status, the prisoner is required to pay the full amount of the fee. The court assesses and, when funds exist, collects as partial payment of the court fees required by law, an initial partial filing fee of 20% of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> * * *
>
> After paying the initial filing fee, the prisoner must make monthly payments equal to 20% of the preceding month's income credited to his prison account. 28 U.S.C.A. §1915(b)(2). So long as the prisoner's account exceeds $10, prison officials are given authority to take the 20 percent. These payments are sent to the clerk of the court. The payments are deducted from the accounts until the full filing fee has been paid.

Murray v. Dosal, 150 F.3d 814, 817 (8th Cir. 1998).

The PLRA also specifically requires that prisoners seeking in forma pauperis status must submit not only the normal Affidavit in support of his claim of indigence, but also "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint * * * obtained from the appropriate official of each prison at which the prisoner is or was confined." Title 28 U.S.C. § 1915(a)(2) [emphasis added]. Certified trust account information is required so that the Court can determine the initial partial filing fee that the prisoner will have to pay

pursuant to §1915(b)(1). In this District, prisoners can satisfy the requirement of §1915(a)(2) by submitting the "Application to Proceed Without Prepayment of Fees" form prescribed for use in this District, provided that the "Certificate" portion of the application form is completed and signed by an appropriate prison official.

In the present case, the Plaintiff has not complied with the requirements of §1915(a)(2), as he has not provided properly certified information regarding his prisoner trust account.[1] Therefore, the Court is unable to determine the amount of the initial partial filing fee that the Plaintiff will have to pay before his action can go forward. To correct this deficiency, the Plaintiff should submit a new Application to Proceed Without Prepayment of Fees, on the form currently prescribed for use in this District. The new Application, including the "Certificate" portion of the form, must be properly completed, signed by an appropriate prison official, and filed with the Court.

In addition to filing a new Application, the Plaintiff must also remit his initial partial filing fee to the Clerk of Court. According to §1915(b)(1), that fee will be twenty percent (20%) of

---

[1]The Plaintiff did submit a "Certification," signed by a prison official, which merely attested that he currently has $0.13 in his account.

the greater of (A) the average monthly deposits to Plaintiff's account; or (B) the average monthly balance in his account, during the six month period immediately preceding the filing of the complaint. No further action will be taken in this matter until the statutorily prescribed initial partial filing fee has been paid to the Clerk of Court.

Thus, the Plaintiff will be required to submit both (a) a new, properly completed, Application to Proceed Without Prepayment of Fees, and (b) the full amount of his initial partial filing fee, within thirty days after the date of this Order. If he fails to do so, this Court will recommend that the action be dismissed, without prejudice, for failure to prosecute.

If the Plaintiff submits both a proper Application to Proceed Without Prepayment of Fees, and his initial partial filing fee, within the time allowed, this action will be allowed to go forward. In that event, however, the Complaint will still have to be "screened," pursuant to Title 28 U.S.C. §1915A, to determine whether the Plaintiff has stated a claim for which relief can be granted. Only if the Plaintiff's Complaint survives such screening will the Court grant in forma pauperis status, and order that a summons be issued and that the named Defendants be served by the U.S. Marshal.

THEREFORE, It is --

ORDERED:

1. That the Clerk of Court shall provide to the Plaintiff, with his copy of this Order, the "Application to Proceed Without Prepayment of Fees and Affidavit" form prescribed for use in this District.

2. That within thirty days after the date of this Order, the Plaintiff shall submit both (a) a new Application to Proceed Without Prepayment of Fees, on the prescribed form, and (b) the correct amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1).

3. That, in the event that the Plaintiff fails to submit both the new Application to Proceed Without Prepayment of Fees, and his initial partial filing fee, within thirty days after the date of this order, it will be recommended that this action be dismissed without prejudice, for failure to prosecute.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE