UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Freddie L. Livingston,

Plaintiff,

vs.

REPORT AND RECOMMENDATION

Pat Carr,

Defendant.

Civ. No. 01-2167 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 7th day of February, 2002.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendant.

When the Plaintiff commenced this action, on November 29, 2001, he was incarcerated at the Sherburne County Jail. This an action under Title 42 U.S.C. §1983, in which the Plaintiff claims a variety of statutory and constitutional violations. On the same

(8)

FILED FEB 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

date, the Plaintiff also filed his current Application to proceed in forma pauperis.

On December 7, 2001, this Court advised the Plaintiff that he was required to submit certified information concerning his prison trust account, as well as a partial filing fee, in accordance with Title 28 U.S.C. §1915(b)(1). Our Order afforded the Plaintiff thirty days in which to submit the missing information, and partial filing fee. See, Docket No. 4, at 6. Thereafter, on December 19, 2001, the Plaintiff submitted a new Application to Proceed Without Prepayment of Fees, with the requested certified trust account information, but he failed to remit a partial filing fee, as he was required to do. Therefore, we issued a second Order, on Decem-ber 27, 2001, which directed the Plaintiff to pay an initial filing fee, within thirty days, of not less than $5.86. See, Docket No. 6, at 5. The Order expressly advised the Plaintiff that his case would be subject to dismissal unless he complied with the stated requirement within the time allowed. Id. ("[T]he Plaintiff shall pay an initial partial filing fee of not less than $5.86, failing which this Court will recommend that the action be dismissed, with-out prejudice, for failure to prosecute.").

The deadline for complying with the directives of this Court's prior Order has expired, and the Plaintiff has failed to comply, or request any continuance of the compliance requirement. Accord-

ingly, based upon the Plaintiff's failure to comply with our Orders of December 7 and 27, 2001, as well as his failure to prosecute this action, we recommend that his Complaint be dismissed, but without prejudice. See, Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)(advising that the failure to submit financial information required by Section 1915(a)(2), or an initial partial filing fee required by Section 1915(b)(1), "may result in dismissal of a prisoner's action").

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be dismissed for failure to comply with this Court's Orders of December 7 and 27, 2001, and for failure to prosecute.

2. That the Plaintiff's Application to proceed *in forma pauperis* [Docket Nos. 2 and 5] be DENIED, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 25, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 25, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.